UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IRANIAN AMERICAN LEGAL DEFENSE,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE, et al,<br><br>*Defendants*. | Civil Action No. 26-01444 (CRC) |

## **ANSWER**

Defendants U.S. Department of State ("DOS"), U.S. Customs and Border Protection ("CBP"), and U.S. Immigration and Customs Enforcement ("ICE") ("Defendants"), by and through the undersigned counsel, respectfully submit the following Answer to Plaintiff's Complaint, in this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, action.

Defendants respond to the separately numbered paragraphs (as numbered by Plaintiff) and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should

strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff's complaint that they would not otherwise be required to answer, and that are not material to Plaintiff's FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

Defendants respond to the Complaint in like numbered paragraphs as follows:

### COMPLAINT[1]

1.      The allegations in this paragraph contain Plaintiff's characterization of this action to which no response is required. To the extent a response is required, defendants deny the allegations.

---

[1]      Merely for ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

2.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and on that basis are denied.

3.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and on that basis are denied.

4.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and on that basis are denied.

5.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and on that basis are denied.

6.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and on that basis are denied.

7.      Defendants admit that Plaintiff submitted FOIA requests to the U.S Department of State (DOS), U.S. Customs and Border Protection (CBP) and U.S. Immigration and Customs Enforcement (ICE). Regarding the cited FOIA requests, Defendants respectfully refer the Court to the FOIA requests for a full and accurate statement of their contents and deny any allegations inconsistent therewith, and further deny the remaining allegations.

8.      Paragraph 8 consists of conclusions of law and Plaintiff's characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendant ICE admits that it granted the Plaintiff's request for expedited treatment of its FOIA request. Defendant ICE admits it has not issued a final determination on the Plaintiff's FOIA request as of the filing of this Complaint. Defendant CBP admits only that it has not yet issued a determination on Plaintiff's FOIA request.

9.      The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required, and on that basis are denied.

3

## JURISDICTION AND VENUE

10.     Paragraph 10 consists of conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is deemed required, Defendants admit only that the Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

11.     Paragraph 11 consists of conclusions of law regarding venue to which no response is required.  To the extent a response is deemed required, Defendants admit only that the Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

12.     Defendant DOS admits the first sentence of Paragraph 12.  For the remaining allegations, Defendant DOS admits only that it received an administrative appeal of the agency's denials on March 5, 2026.  Further, Defendant DOS avers that its acknowledgment letter to Plaintiff invoked the "unusual circumstances" provision of the FOIA.

13.     Defendant CBP only admits that it has not yet issued a determination on Plaintiff's FOIA request.

14.     Defendant ICE admits it granted the Plaintiff's request for expedited treatment. Defendant ICE admits that it did not issue a final determination on the FOIA request as of the filing of this Complaint.

## PARTIES

15.     The allegations in this paragraph constitute the Plaintiff's description of itself to which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief about the truth of the allegations in this paragraph and, therefore, deny.

16.     Defendant DOS admits that the U.S. Department of State is an agency of the federal government and subject to FOIA. The remaining allegations in this paragraph consist of legal

4

conclusions to which no response is required; to the extent a response is required, Defendant DOS denies such allegations

17. Defendant CBP admits that U.S. Customs and Border Protection is a component agency of the Department and subject to FOIA. The remaining allegations in this paragraph consist of legal conclusions to which no response is required; to the extent a response is required, Defendant CBP denies such allegations

18. Defendant ICE admits it is a component of the U.S. Department of Homeland Security and that its headquarters are in Washington D.C., Defendant. ICE admits that it is an agency for the purposes of the FOIA and denies the remaining allegations.

## STATEMENT OF FACTS

19. Defendant ICE admits it received a FOIA request from Plaintiff dated November 19, 2025, and that it contained a request for expedited processing and waiver of fees. Defendant ICE avers that the FOIA request speaks for itself, respectfully refers the Court to the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith. Defendant CBP admits only that Plaintiff submitted FOIA requests on November 19, 2025 to Defendants. Defendant CBP respectfully refers the Court to the specific requests for complete and accurate statement of their contents and deny any allegations in this paragraph inconsistent therewith.

20. Defendant DOS admits that it received a FOIA request from Plaintiff dated November 19, 2025, and that it assigned that request tracking number F-2026-03614. The remainder of this paragraph consists of Plaintiff's description of its own FOIA request, to which no response is required. Defendant respectfully refers the Court to the FOIA request for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

21.    Defendant DOS admits that it issued a determination letter on December 9, 2025 denying Plaintiff's requests for expedited processing and a fee waiver.

22.    Defendant DOS avers that it did not receive an administrative appeal from Plaintiff.

23.    Defendant CBP admits only that CBP received a FOIA Request from Plaintiffs, submitted on November 19, 2025 (the "CBP Request").  The remainder of this paragraph consists of Plaintiff's characterization of the CBP Request and legal conclusions, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to the CBP Request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

24.    Defendant CBP admits it sent emails to Plaintiffs on November 19 and 20, 2025, acknowledging the CBP Request.  Defendant CBP denies the allegations in the second sentence of this paragraph.   The remainder of this paragraph consists of Plaintiff's characterization of that communication, to which no response is required; to the extent a response is required, Defendants respectfully refer the Court to that communication for a complete and accurate statement of its contents and deny any allegations in this paragraph inconsistent therewith.

25.    Denied.

26.    Defendant ICE admits that it received Plaintiff's FOIA request on November 19, 2025. Defendant ICE avers that the FOIA request speaks for itself and respectfully refers the Court to the request for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

27.    Defendant ICE admits that it acknowledged receipt of Plaintiff's FOIA request on December 10, 2025 and on that same date granted expedited treatment. Defendant ICE avers that

the acknowledgment letter speaks for itself, respectfully refers the Court to the letter for a true and accurate statement of its contents, and denies any allegations inconsistent therewith.

28. Defendant ICE admits that more than four months have elapsed since it granted expedited treatment of Plaintiff's FOIA request. Defendant ICE admits that it has not provided Plaintiff with a final determination in response to its FOIA request as of the filing of this Complaint.

29. Defendant ICE admits that it has not provided Plaintiff with a final determination in response to its FOIA request. Defendant ICE denies the remaining allegations in this paragraph. Defendant CBP avers that on November 19, 2025 it rendered decisions on both the fee waiver and expedition requests though no formal notice was "issued" to Plaintiff.

30. Paragraph 30 consists of conclusions of law to which no response is required. To the extent that a response is required, Defendants respectfully refer the Court to the statute itself and deny the remaining allegations.

### COUNT 1–Violation of FOIA, 5 U.S.C. 552
### Wrongful Withholding of Agency Records
### (All Defendants)

31. Defendants incorporate their responses to Paragraphs 1-31 as if fully set forth herein.

32. Paragraph 32 consists of conclusions of law to which no response is required. To the extent that a response is required, Defendants respectfully refers the Court to the statute itself.

33. The allegations in paragraph 33 consist of legal conclusions, to which no response is required. To the extent a response is required, the Defendants admits that they are agencies for purposes of the FOIA.

7

34.    The allegations in paragraph 34 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

35.    Paragraph 35 consists of conclusions of law to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the statute itself.

36.    The allegations in paragraph 36 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny the allegations.

**COUNT 2–Violation of FOIA, 5 U.S.C. 552**
**Failure to Grant Expedited Processing**
**(U.S. Department of State and U.S. Customs and Border Protection)**

37.    Defendants incorporate their responses to Paragraphs 1-26 above as if fully set forth herein.

38.    Paragraph 38 consists of legal conclusions to which no response is required.

39.    Paragraph 39 consists of legal conclusions to which no response is required.

40.    Paragraph 40 consists of legal conclusions to which no response is required.

41.    Paragraph 41 consists of legal conclusions to which no response is required.

42.    Paragraph 42 consists of legal conclusions to which no response is required.

43.    Paragraph 43 consists of legal conclusions to which no response is required.

**COUNT 3–Violation of FOIA, 5 U.S.C. 552**
**Failure to Comply with Granted Expedited Processing**
**(U.S. Immigration and Customs Enforcement)**

44.    Defendants incorporate their responses to Paragraphs 1-43 above as if fully set forth herein.

45.    Paragraph 45 consists of legal conclusions, to which no response is required.

46.    Defendant ICE admits it granted expedited treatment on December 10, 2025.

8

47.    Paragraph 47 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statute itself.

48.    Admitted.

49.    The allegations in paragraph 49 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendant respectfully refers the Court to the statute itself.

50.    The allegations in paragraph 50 consist of legal conclusions, to which no response is required. To the extent a response is required, Defendant ICE denies the allegations.

### COUNT 4–Violation of FOIA, 5 U.S.C. 552
### Wrongful Denial of Fee Waiver
### U.S. Department of State

51.    Defendants incorporate their responses to Paragraphs 1-50 above as if fully set forth herein.

52.    This paragraph contains legal conclusions to which no response is required.

53.    This paragraph contains legal conclusions to which no response is required.

54.    This paragraph contains legal conclusions to which no response is required.

55.    This paragraph contains legal conclusions to which no response is required.

### COUNT–5 Violation of FOIA, 5. U.S.C. 552
### Failure to Adjudicate Fee Waiver Request
### (U.S. Customs and Border Protection)

56.    Defendants incorporate their responses to Paragraphs 1-55 above as if fully set forth herein.

57.    This paragraph consists of legal conclusions to which no response is required.

58.    This paragraph consists of legal conclusions to which no response is required.

59.    This paragraph consists of legal conclusions to which no response is required.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's requests for relief, to which no response is required.  To the extent that a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, Defendants raise the following defenses.  Defendants respectfully reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.  Defendants do not assume the burden for any defense in which the burden is properly placed on Plaintiffs.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's request for relief that exceeds the relief authorized under FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible nor entitled to attorneys' fees or costs.

## FOURTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under FOIA, to the extent such records exist.

## FIFTH DEFENSE

10

Plaintiff's claims are not ripe for judicial review.

## SIXTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## SEVENTH DEFENSE

Plaintiff is not entitled to the production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## EIGHTH DEFENSE

Plaintiff is not entitled to declaratory relief.  5 U.S.C. § 552(a)(4)(B).

\*        \*        \*

Dated:  July 17, 2026                    Respectfully submitted,
        Washington, DC

                            JEANINE FERRIS PIRRO
                            United States Attorney

                            By:    */s/ Amanda L. Torres*
                            AMANDA L. TORRES, D.C. Bar #1562702
                            Assistant United States Attorney
                            601 D Street, NW
                            Washington, DC 20530
                            (202) 252-2507

                            *Attorneys for the United States of America*

11